## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HIRAM LYTCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| **S&W WATERPROOFING, INC.** ) | |
| <u>Serve:</u> ) | **JURY TRIAL DEMANDED** |
| **Robert A. Svoboda** ) | |
| **13210 Outlook Dr.** ) | |
| **Overland Park, KS 66209** ) | |
| ) | |
| **Defendant.** ) | |

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

## COMPLAINT

COMES NOW Plaintiff Hiram Lytch ("Plaintiff"), by and through the undersigned counsel, and states and alleges as follows against Defendant S&W Waterproofing, Inc. ("Defendant").

## NATURE OF THE CLAIM

1. This action for legal and equitable relief arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

2. Plaintiff seeks all relief allowed by Title VII and § 1981, to remedy his claims.

## PARTIES

3. Plaintiff Hiram Lytch is, and, at all times relevant to the allegations in this Complaint, was a resident and citizen of the State of Missouri.

4. At all times relevant herein, Plaintiff was employed by Defendant.

1

5. Upon information and belief, Defendant is a Kansas corporation conducting substantial business in the State of Kansas.

6. Upon information and belief, Defendant employs more than fifteen (15) persons within the State of Kansas and, at all relevant times herein, was an "employer" as defined by Title VII.

7. Defendant is an entity, and is thus incapable of acting on its own behalf and therefore acts through agents and/or employees. It is liable for the conduct of its agents and/or employees, including but not limited to the individuals named herein, acting within the course and scope of their agency and/or employment, its own negligence, the acts of its agents and/or employees which it ratifies, injuries incurred by agents' and or employees' performance of its non-delegable duties, and acts its agents take by virtue of their agency or employment with Defendant.

8. At all times mentioned herein, all of Defendant's employees referenced in this Complaint were the agents, servants, and employees of Defendant who were all acting within the course and scope of their employment with Defendant.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the federal laws: Title VII and 42 U.S.C. § 1981.

10. All or a substantial portion of Defendant's unlawful employment practices complained of herein occurred in Kansas, and, accordingly, jurisdiction and venue are proper in this Court pursuant to 28 U.S.C § 1391(b).

## FACTUAL ALLEGATIONS

11. Plaintiff is an African-American male.

12. On or about June 12, 2019, Plaintiff began his employment with Defendant as a

construction worker.

13. Throughout his employment, Plaintiff's supervisor Angel Mora subjected him to harassment by using derogatory racial slurs, including the "N" word, toward Plaintiff on a regular basis.

14. Mr. Mora used racial slurs toward Plaintiff in front of assistant foreman Jeremy Bennett, but no action was taken.

15. Plaintiff explained to Mr. Mora that using such slurs was offensive and asked him to stop using such derogatory remarks toward Plaintiff.

16. Mr. Mora continued using the "N" word toward Plaintiff on a regular basis.

17. In addition, Plaintiff was treated less favorably than his Caucasian and Hispanic coworkers by his supervisors.

18. On at least one occasion, Plaintiff was not paid in full for the number of hours he worked that day, while his Caucasian and Hispanic coworkers received full pay for all hours they worked.

19. When Plaintiff asked his assistant foreman Bennett about receiving pay for the hours he worked, he was told to inquire with the HR.

20. Plaintiff followed up with the HR about the pay but never received the full pay for all the time he worked that day.

21. Plaintiff was also put on more difficult tasks for longer hours, unlike his Caucasian and Hispanic coworkers, who were able to rotate out of the difficult tasks after spending only a short amount of time on them.

22. Approximately on or around August 8, 2019, Plaintiff complained about Mr. Mora's discriminatory conduct to the assistant foreman Bennett.

23. On or around August 17, 2019, Plaintiff filed a written complaint with the Human Resources Department, outlining the harassment and hostile work environment to which he was subjected.

24. HR contacted him to set up a meeting for August 28, 2019. Plaintiff believed that the purpose of the meeting was to address his complaints about the discriminatory and harassing work environment and informed Defendant that he would like to have a union representative at the meeting.

25. After Plaintiff's complaints, Mr. Mora was transferred to a different work site for one week, but was then transferred back and continued his harassing conduct toward Plaintiff.

26. Upon information and belief, no action was ever taken with respect to Mr. Mora, and Mr. Mora is still employed by Defendant.

27. Plaintiff was unable to secure the presence of a union representative at the August 28, 2019 meeting due to the representative's unavailability. Plaintiff contacted General Superintendent, Greg Weis, to inform Mr. Weis of this and to try to reschedule the meeting.

28. On or about August 28, 2019, Plaintiff was sent home, without pay, for failure to attend the scheduled meeting, despite the fact that Plaintiff informed Mr. Weis of the reasons he was unable to attend the meeting and Plaintiff's attempt to reschedule.

29. On August 29, 2019, Plaintiff filed a grievance with his union.

30. On or about September 3, 2019, Plaintiff attended a rescheduled meeting.

31. A human resources officer Tonya Sumption, Mr. Weis, Mr. Bennett and foreman Jeff Schiltz were present at the meeting. Plaintiff's union representatives William Livingston and Marcus Johnson were also present.

32. During this meeting, Plaintiff was terminated.

33. The stated reason for his termination was that Plaintiff was offering to sell his wife's prescription medication to one of his co-workers on or about August 13, 2019.

34. Plaintiff's wife does not take any prescription medication.

35. Plaintiff never sold or offered to sell any prescription drugs.

36. Plaintiff was not aware of any complaints about him selling prescription drugs until the September 3, 2019 meeting.

37. Upon information and belief, the stated reason for Plaintiff's termination was pretextual in nature and not the true reason. The true reason for Plaintiff's termination was retaliation for his complaints of race discrimination.

38. Upon information and belief, no investigation into Plaintiff's complaint of discriminatory conduct ever occurred and nothing was done to correct or prevent further discrimination or harassment.

## **CONDITIONS PRECEDENT**

39. On or about September 23, 2019, Plaintiff filed a Charge of Discrimination, alleging race discrimination and retaliation ("Charge"), with the Kansas Human Rights Commission (KHRC) and Equal Employment Opportunity Commission ("EEOC"). The Charge was assigned No. 41499-20/ 28D-2019-01031. A true and accurate copy of the Charge is attached hereto as ***Exhibit A*** and is incorporated herein by reference.

40. On or about June 18, 2020, the EEOC issued a Notice of Right to Sue concerning Charge No. 28D-2019-01031. A true and accurate copy of the Right to Sue Notice is attached hereto as ***Exhibit B*** and is incorporated herein by reference.

41. This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## COUNT I
### Title VII – Racial Discrimination and Harassment
### (42 U.S.C. § 2000e *et seq*.)

42. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

43. During the course and scope of Plaintiff's employment, Defendant's employees and/or agents, while acting within the course and scope of their employment and/or agency, engaged in intentional discrimination and harassment of Plaintiff based on his race (African American), in violation of Title VII, including by using racial slurs and treating Plaintiff less favorably than his Caucasian and Hispanic coworkers.

44. The discrimination and harassment to which Defendant subjected Plaintiff was sufficiently severe or pervasive in that it had the purpose and effect of unreasonably interfering with the terms, conditions, and privileges of Plaintiff's employment.

45. The actions and conduct of Defendant's representatives acting within the course and scope of employment and/or agency created an intimidating, hostile and offensive working environment and thereby detrimentally affected Plaintiff.

46. The terms, conditions, and privileges of Plaintiff's employment were affected in that Plaintiff was forced to work with his harasser; not paid for all the hours he worked, while his similarly situated Caucasian and Hispanic coworkers were paid in full; suspended from work, without pay, and was ultimately terminated.

47. The actions and conduct of Defendant's representatives acting within the course and scope of employment and/or agency created an environment that detrimentally affected Plaintiff.

48. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

49. Defendant, through its agents and employees, engaged in the discriminatory and harassing conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

50. Management level employees knew or should have known of the racial discrimination and harassment described herein but failed to take appropriate action to address the discrimination and harassment and further failed to implement effective and appropriate procedures to correct, stop and/or remedy the racial discrimination and harassment.

51. By failing to conduct a prompt investigation of Plaintiff's allegations of race discrimination, Defendant exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

52. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

53. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination and harassment prohibited by Title VII; for an award of compensatory and punitive damages; for equitable relief in the form of reinstatement or front pay; for his costs expended; for his reasonable attorneys' fees

and expert fees as contemplated by 42 U.S.C. § 2000e 5(k); and for such other relief as this Court deems just and proper.

## COUNT II
### Title VII - Retaliation
### (42 U.S.C. § 2000e et seq.)

54. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

55. Plaintiff complained to Defendant of the race discrimination and harassment to which Defendant subjected Plaintiff, as set forth herein.

56. Plaintiff's complaints of race discrimination and harassment, and opposition to Defendant's racially harassing and hostile work environment, as alleged herein, constituted a legally protected activity under Title VII.

57. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff, in ways including but not limited to suspending him from work, without pay, on or around August 28, 2019 for his alleged failure to appear at a scheduled HR meeting, even after Plaintiff informed Mr. Weis that he was unable to secure the presence of a union representative and asked Mr. Weis to reschedule the meeting, and ultimately terminating Plaintiff.

58. At all times mentioned herein, before and after, the above-mentioned individuals were agents, servants, and/or employees of Defendant and were at all times acting within the course and scope of their employment and/or agency.

59. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

60. At the time Defendant engaged in retaliatory acts directed at Plaintiff, Defendant knew that such retaliation was unlawful.

61. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

62. As a direct and proximate cause of the retaliatory actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Complaint, for a finding that he has been subjected to unlawful retaliation prohibited by 42 U.S.C. §2000e *et seq.*; for an award of compensatory and punitive damages; for equitable relief in the form of reinstatement or front pay; for his costs expended; for his reasonable attorneys' fees and expert fees provided by 42 U.S.C. § 2000e 5k, and for such other relief as this Court deems just and proper.

## COUNT III
### Race Discrimination and Harassment
### (42 U.S.C. § 1981)

63. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

64. During the course and scope of Plaintiff's employment, Defendant's representatives, agents and/or employees, acting within the course and scope of their employment and/or agency, engaged in intentional discrimination and harassment against Plaintiff based on his race in the making or enforcing of a contract, in using derogatory slurs with respect to Plaintiff and in failing to pay Plaintiff for all the hours he worked, while other similarly situated Caucasian and Hispanic employees were paid in full.

65. As a direct and proximate result of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

66. Defendant through its representatives, agents and/or employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

67. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter it and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of his Complaint; for a finding that he has been subjected to unlawful discrimination and harassment as prohibited by 42 U.S.C. § 1981; for an award of compensatory and punitive damages; for equitable relief; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT IV
### Retaliation
### (42 U.S.C. § 1981)

68. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

69. Plaintiff's complaints of racial discrimination and harassment constituted a protected activity.

70. By reason of Plaintiff's complaints Defendant retaliated against Plaintiff resulting in Plaintiff being suspended without pay, and ultimately terminated.

71. At all times mentioned herein, before and after, the above mentioned individuals were agents, servants, and employees of Defendant and were at all times acting within the course and scope of their employment.

72. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

73. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

74. The actions and conduct set forth herein was outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

75. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of his Complaint, for a finding that he has been subjected to unlawful retaliation prohibited by 42 U.S.C. § 1981, et seq,; for an award of compensatory and punitive damages; for equitable relief; for his costs expended; for his reasonable attorneys' fees and expert's fee provided by 42 U.S.C. § 1981 and for such other relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all Counts alleged herein.

        **RESPECTFULLY SUBMITTED,**

        **HOLMAN SCHIAVONE, LLC**

By:   */s/ Aiman Dvorak*
      Anne Schiavone, KS #19669
      Aiman Dvorak, D.Kan. #78873
      4600 Madison Avenue, Suite 810
      Kansas City, Missouri 64112
      TEL:   (816) 283-8738
      FAX:   (816) 283-8739
      Email: aschiavone@hslawllc.com
             advorak@hslawllc.com

      **ATTORNEYS FOR PLAINTIFF**